UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ISAAC ELI VILLEGAS, )<br>)<br>Petitioner, )<br>v.   ) <br>)<br>S. JULIAN, Warden, )<br>Respondent. ) | No. 2:16-cv-177-WTL-DKL |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Isaac Eli Villegas is a federal prisoner who seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). Villegas is entitled to habeas corpus relief if he shows that his custody from the challenged disciplinary proceeding violates the Constitution, laws, or treaties of the United States. *Rose v. Hodges,* 423 U.S. 19, 21 (1975).

Having considered the pleadings, the expanded record, and the parties' arguments, and being duly advised, the Court finds that the disciplinary proceeding Villegas challenges is not tainted by constitutional error and that his petition for writ of habeas corpus must therefore be **denied.** This disposition is compelled by the following facts and circumstances:

1. "Federal inmates must be afforded due process before any of their good time credits—in which they have a liberty interest—can be revoked." *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011); *see also Brooks-Bey v. Smith,* 819 F.2d 178, 180 (7th Cir. 1987). Due process in this context requires that the prisoner receive advance written notice of the charges, an opportunity to present evidence to an impartial decisionmaker, and a written explanation for the discipline that is supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564 (1974).

2. On November 24, 2015, an Incident Report was issued charging Villegas with violating prison rules at the USP Yazoo by Assaulting Any Person. He was ultimately found guilty of the related misconduct of Interfering with any Security Device. Villegas was notified of the charge and a hearing was conducted. He was found guilty and sanctioned. That disposition was reversed in Villegas' administrative appeal and a new hearing was conducted on January 5, 2016. Villegas was present at the hearing and made a statement concerning the charge. The hearing officer considered that statement, together with the other evidence, and found Villegas guilty of the related misconduct of Interfering with any Security Device. This action was filed after his administrative appeal was concluded.

3. Construing the evidence in the manner most favorable to the finding of the hearing officer, *see Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), during the evening of November 24, 2015, while a staff member was conducting clothing exchange in the Special Housing Unit, Villegas attempted to assault him after the officer refused to give Villegas an item during clothing exchange. The staff member informed Villegas that since the clothing item was altered and damaged, staff would be conducting a cell search to remove any contraband. Villegas became angry and when the officer attempted to secure the food slot, Villegas forcefully reached out through the slot towards the officer's body and institution keys. The officer gave Villegas orders to stop his behavior. However, Villegas continued to force his hand through the slot opening. Villegas' hand was briefly pinned between the slot opening and the locking mechanism until Villegas withdrew his hand and the officer was able to secure the cell door's food slot. The Incident Report was then issued as has been described and the disciplinary proceedings ensued.

4. Applying the requirements of *Wolff* and *Hill* as an analytical template, Villegas received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Villegas was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of

his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed. Villegas' claims that he was denied the protections afforded by *Wolff* and *Hill* are without merit.

    a.    Villegas argues that there was no evidence supporting the hearing officer's determination. This is not true. As summarized above, the Incident Report and other evidence support a rational adjudicator's finding that on the evening of November 24, 2015, Villegas thrust his hands through the foot slot of his cell and thereby obstructed the efforts of the reporting officer to secure Villegas in his cell. Villegas also challenges the sufficiency of the evidence. The hearing officer was entitled to find the reporting officer's clear and first-hand account credible, *Russell v. Sandahl,* 989 F.2d 502 (7th Cir. 1993), and "[i]n reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)(internal quotation omitted). In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt." *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989). As just explained above, the evidence certainly pointed to Villegas' guilt. *See Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Although Villegas denies that he misbehaved, the hearing officer was entitled to conclude otherwise. The evidence in the challenged proceeding was constitutionally sufficient.

    b.    Villegas notes that he was ultimately found guilty of a rule violation other than the one with which he had initially been charged with violating. However, revising an offense in this manner does not violate due process so long as the revised finding is based on the same evidence as already considered and the inmate had notice of that evidence. *See Northern v. Hanks,* 326 F.3d 909, 911 (7th Cir. 2003) (explaining that inmate was not denied due process by substitution of different charge during administrative appeal because investigative report given to inmate before disciplinary hearing placed him on notice that he could be subject to additional charge); *Holt v. Caspari,* 961 F.2d 1370, 1373 (8th Cir. 1992) (concluding that prison disciplinary committee did not deny inmate due process by elevating charge from possession of "contraband" to "dangerous contraband" since both charges shared same factual basis). That was certainly the case as to the events narrated in the incident report and their relation to the ultimate finding of the hearing officer.

    c.    Villegas places strong emphasis on the refusal at the first hearing to call a witness (a staff member) he had requested. This was found to have been a mistake and was the reason for the relief granted in the form of a rehearing. At the rehearing, moreover, Villegas did not renew his request for that same witness. Indeed, he did request two witnesses and those individuals (both inmates) gave statements in the matter. The error in the first hearing was remedied. It did not recur at the rehearing. This proceeding is not a challenge to the first hearing because that hearing was vacated.

    d.    Villegas also argues that the hearing officer was not impartial. However, "an adjudicator is entitled to a presumption of 'honesty and integrity' absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L.Ed. 2d 712 (1975)." *Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009), and a hearing officer who follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 562 and 571. This claim is meritless.

5. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Villegas to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 1/11/17

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ISAAC ELI VILLEGAS
43798-177
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel